STATE OF MAINE
CUMBERLAND, ss

BUSINESS AND CONSUMER COURT
Location: Portland
Docket No.: BCD-AP-09-23

MILE HIGH AIR, LLC,

          Petitioner,

v.

STATE TAX ASSESSOR,

          Respondent

)
)
)
)
)
)
)
)
)
)
)
)

ORDER ON MOTION FOR
RECONSIDERATION

Respondent State Tax Assessor moves, pursuant to M.R. Civ. P. 59(e), for an order reconsidering, or in the alternative, clarifying and amending, this Court's Decision on 80C Appeal (As Corrected), dated June 15, 2012 (the "Decision").[1] After consideration of the parties' briefs, the Court corrects two errors in the Decision. Correction of these errors does not alter the Court's analysis or the outcome in the matter.

The Court orders as follows:

1. On page 8, line 17, of the Decision, the Court strikes the language from "Relying upon the stipulated 101 total 'flight days'" to the end of the paragraph on page 9 and inserts in its place:

   Thus, after reducing the days of use outside of Maine during the first year after the plane's purchase to the stipulated 101 "flight days" (see Stip. ¶ 141), the plane was only used outside of the state approximately 28% of the time. According to the Assessor, the qualitative portion of the substantial use test takes into account the nature and purpose of the Aircraft's presence in Maine, which requires a case-by-case analysis of many factors. The Assessor asserts that the stipulated facts informing the

---

[1] In its motion for reconsideration, the State Tax Assessor clarified its position at oral argument regarding the qualitative analysis utilized by the Court. The Court considers the Assessor's position on this issue to be sufficiently clear on the record by virtue of its motion and explanation, but is not persuaded by the Assessor's position on the qualitative analysis. *See Blue Yonder, LLC v. State Tax Assessor*, 2011 ME 49, ¶ 22, 17 A.3d 667 ("Determining whether the use outside of Maine was substantial will require a careful examination of the unique facts of each case.")

1

qualitative analysis in the instant case do not alter the result of the quantitative analysis that the Aircraft's use outside of Maine was no sufficiently substantial to qualify for the exemption.

2. On page 15, line 2, of the Decision the Court substitutes "89" for "151."

Pursuant to M.R. Civ. P. 79(a), the clerk is instructed to enter and incorporate this order into the docket by reference.

Date: July 18, 2012

Thomas E. Humphrey
Chief Justice, Superior Court

Entered on the Docket: 7·18·12
Copies sent via Mail __ Electronically ✔

2